IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cr-45-ECM |
| | ) | [WO] |
| TERRY R. SNOW | ) | |

**O R D E R**

Now pending before the Court are the United States Probation Office's ("USPO")
petition for revocation of supervised release (doc. 42), and the United States and the
Defendant's (the "parties") joint motion to impose judgment and waiver of final revocation
hearing (doc. 53).

The Defendant is charged with two violations of the terms of his supervised release.
In Violation 1, he is alleged to have violated the standard condition that he "must live at a
place approved by the probation officer" and must "notify the probation officer at least 10
days before [any] change" in where he lives in that, on March 21, 2025, the Defendant
changed his address and failed to notify the probation officer.  In Violation 2, the Defendant
is alleged to have violated the special condition that he "must not knowingly leave the
federal judicial district where [he] [is] authorized to reside without first getting permission
from the court or the probation officer" in that, on April 23, 2025, the probation officer
received notice from the Tuscaloosa County Sheriff's Office that a deputy in Northport,
Alabama had contact with the Defendant.  Northport is in the Northern District of Alabama,
and the Defendant did not have permission to leave the Middle District of Alabama.

Pursuant to the parties' agreement, the Defendant agrees to admit Violations 1 and 2. The parties submit that 12 months' imprisonment, with no period of supervised release to follow, is an appropriate sentence. The parties further represent that the Defendant "expressly waives his right to a final hearing on the Petition for Revocation of Supervised Release." (Doc. 53 at 2). Based on a separate communication, the supervising United States Probation Officer expressed no objection to the parties' agreement.

For the following reasons, the Court will accept the parties' agreement; grant the revocation petition (doc. 42); revoke the Defendant's supervised release; and sentence him to 12 months' imprisonment, with no additional term of supervised release.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under this rule, the Defendant has the right to

> (A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if [he] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation.

FED. R. CRIM. P. 32.1(b)(2). The rule also provides that a defendant can waive a revocation hearing: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." *Id.* (emphasis added); *see also United States v. Jones*, 798 F. App'x 494, 497 (11th Cir. 2020) (per curiam) ("The Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing." (citing FED. R. CRIM. P. 32.1(b)(2)). Based

on a defendant's express waiver, Rule 32.1(b)(2) permits a court to enter judgment without a revocation hearing.

The Court finds that the violation is a Grade C violation under the United States Sentencing Guidelines, *see* USSG § 7B1.1(a)(3); the Defendant's criminal history category is IV; and the advisory guideline range of imprisonment is 6 to 12 months, *see* USSG § 7B1.4(a). The Court has considered the Sentencing Guidelines, the relevant 18 U.S.C. § 3553(a) factors, and the parties' agreement. Based on these considerations, the Court finds that a sentence of 12 months' imprisonment, with no term of supervision to follow, is an appropriate sentence in this case.

Accordingly, upon consideration of the entire record, and for good cause, it is

ORDERED as follows:

1.      The parties' joint motion to impose judgment (doc. 53) is GRANTED;

2.      USPO's petition for revocation of supervised release (doc. 42) is GRANTED;

3.      The parties' agreement and the Defendant's express waiver of his right to a final revocation hearing are ACCEPTED;

4.      Based on the Defendant's admission to Violations 1 and 2, the Court finds that the Defendant violated the standard conditions of the terms of his supervised release, specifically that he "must live at a place approved by the probation officer" and must "notify the probation officer at least 10 days before [any] change" in where he lives; and that he "must not knowingly leave the federal judicial district where [he] [is] authorized to reside without first getting permission from the court or the probation officer";

3

5.      The violation is a Grade C violation under the United States Sentencing Guidelines, *see* USSG § 7B1.1(a)(3); the Defendant's criminal history category is IV; and the advisory guideline range of imprisonment is 6 to 12 months, *see* USSG § 7B1.4(a);

6.      The Court has considered the Sentencing Guidelines, the relevant 18 U.S.C. § 3553(a) factors, and the parties' agreement.  Based on these considerations, the Court finds that a sentence of 12 months' imprisonment, with no term of supervision to follow, is an appropriate sentence in this case;

7.      Judgment will be entered separately.

DONE this 6th day of June, 2025.

                                    /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE